IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | In Proceedings<br>Under Chapter 13 |
| VERNA D. ROWLEY, | Case No. 06-40160 |
| Debtor, | |
| and | |
| WELLS FARGO FINANCIAL<br>ACCEPTANCE, | |
| Creditor. | |

## **OPINION**

The issue before the Court is whether a secured creditor's claim can be bifurcated or "stripped down" under 11 U.S.C. § 506(a)[1] if the debtor has no equity in a certain type of collateral, specifically a motor vehicle purchased for debtor's personal use within the 910 day period preceding the petition. *See* 11 U.S.C. § 1325(a)(9).

Debtor, Verna D. Rowley, filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on February 19, 2006. Debtor had previously purchased a used 2002 Saturn L 100 on August 5, 2005, which was less than 910 days prior to filing her petition. Debtor signed a retail installment contract and security agreement in favor of creditor, Wells Fargo Financial Acceptance, as part of the purchase transaction.

As of the petition date, the net amount due to Wells Fargo under the contract was

---

[1] Under § 506(a), the total claim of an undersecured creditor is divided into two claims, a secured claim equal to the value of the collateral and an unsecured claim equal to the remainder of the obligation owed to the creditor as of the petition date.

$10,955.43. Wells Fargo filed a claim for this amount, which was not objected to by debtor.[2] The scheduled value of the vehicle as of the petition date was only $7,250. Debtor proposed a Chapter 13 plan providing that the secured claim of Wells Fargo should be paid to the extent of $7,250, thus attempting to "strip down" the value of Wells Fargo's secured claim pursuant to § 506(a).[3] On March 6, 2006, Wells Fargo objected to confirmation of debtor's proposed plan on the basis that its secured claim qualified under the "hanging paragraph"[4] (hereinafter 11 U.S.C. § 1325(a)(9) or § 1325(a)(9)) of § 1325(a) and could not be stripped down under § 506(a). Debtor responded that because she has no equity in the vehicle, Wells Fargo is prevented from applying § 1325(a)(9), and, therefore, the secured claim of Wells Fargo may be stripped down.

Section 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), prevents the stripping down of certain secured claims under § 506(a) when the four requirements of § 1325(a)(9) are satisfied. Section 1325(a)(9) provides, *inter alia*:

> [S]ection 506 shall not apply to a claim if the creditor has a [1] purchase money security interest securing the debt that is the subject of the claim, [2] the debt was incurred within the 910-day [period] preceding the date of the filing of the petition, and [3] the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) [4] acquired for the personal use of the debtor . . .

---

[2]Wells Fargo's claim is deemed allowed pursuant to 11 U.S.C. § 502(a) since no objections to the claim were filed.

[3]The plan further provides that the secured claim of Wells Fargo should be paid at an interest rate of 9.5 percent, which is also the rate used on Wells Fargo's proof of claim. The contract rate of interest on the secured claim was 19.40 percent. The issue in this case concerns only the value of the secured claim itself, without regard to the interest rate.

[4]The last paragraph of § 1325(a), which is unnumbered, is often referred to as the "hanging paragraph" since it was given no specific citation by the statute's drafters. The hanging paragraph prevents certain claims from being subject to the stripping down provision of § 506(a).

11 U.S.C. § 1325(a)(9). If these four requirements are satisfied, the allowed secured claim of the creditor is fixed at the amount of the creditor's claim without resorting to the stripping down procedure mandated by § 506(a).

In this case, it is undisputed that the four requirements of § 1325(a)(9) are satisfied. Debtor purchased the vehicle for her personal use and within the 910 day period preceding her petition date. The retail installment contract executed by debtor granted Wells Fargo a purchase money security interest in the vehicle.

Debtor argues that § 1325(a)(9) applies to prevent the stripping down of a secured claim only if a debtor has remaining equity in the vehicle. As such, debtor is asking the Court to depart from the plain meaning of the statute to add a fifth requirement which she contends was overlooked by the BAPCPA drafters. Section 1325(a)(9) clearly states the four requirements necessary to render § 506(a) inapplicable. Section 1325(a)(9), by its terms, contains no mention of equity. Debtor cites no relevant case law in support of her position, and the Court's own research has found none. When interpreting a statute, "[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Palacios-Suarez,* 418 F.3d 692, 697 (6th Cir. 2005); *see also Matter of Barker*, 768 F.2d 191, 194-95 (7th Cir. 1985). Therefore, since the Court finds that the plain meaning of § 1325(a)(9) is clear, the Court will only enforce said paragraph to the extent of its terms and will not add a fifth requirement of equity.

Furthermore, debtor's addition of equity as a requirement to § 1325(a)(9) would render such paragraph meaningless. When there is equity in collateral, there is no reason to strip down the value of a secured creditor's claim. Under § 506(a), a secured claim will be equal to the lesser of the debt owed or the value of the collateral. Thus, for example, if a debtor owed $8,000 on a vehicle, but the vehicle was valued at $10,000, the oversecured creditor's claim would be equal to the debt owed of $8,000. In this example, the debtor has equity in the vehicle, but the strip down provision of § 506(a) is irrelevant because the secured claim cannot be stripped below the $8,00 debt that is owed.

Accordingly, the objection to confirmation filed by Wells Fargo is hereby SUSTAINED.

SEE WRITTEN ORDER


ENTERED: August 25, 2006

                                               /s/ Kenneth J. Meyers
                                    UNITED STATES BANKRUPTCY JUDGE